IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Plaintiff, ) | No. 3:18-CR-00026-JO | |
| ) | | |
| v. ) | | |
| ) | | |
| DON DOUGLAS LOVELL, ) | OPINION AND ORDER | |
| ) | | |
| ) | | |
| Defendant. ) | | |

JONES, J.

Defendant Don Douglas Lovell (Lovell) moves to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255. ECF No. 39. For the reasons that follow, I DENY Lovell's Motion.

**PROCEDURAL BACKGROUND**

Without a plea agreement, Lovell pleaded guilty to Assault Resulting in Substantial Bodily Injury, 18 U.S.C. §§ 113(a)(7), 1152; and Assault by Strangling, 18 U.S.C. §§ 113(a)(8), 1152. On September 20, 2018, following a contested sentencing hearing, I imposed a 64-month term of imprisonment. Shortly after sentencing, Lovell's defense attorney, Assistant Federal

Public Defender Alison Clark (Clark) and Lovell agreed to discuss whether to appeal. Ultimately, Clark did not file a Notice of Appeal.

On March 7, 2019, Lovell filed this § 2255 motion alleging ineffective assistance of counsel. Specifically, Lovell alleged that Clark refused to file a notice of appeal. I appointed counsel for Lovell. ECF No.73. Thereafter, Lovell filed an amended § 2255 motion raising additional ineffective assistance of counsel claims. ECF No. 83. I held an evidentiary hearing on the factual issue raised in Lovell's motion and heard arguments on the legal issues. I now make my findings of fact and conclusions of law.

## **FACTS**

For six years, Lovell and his victim were in an intimate relationship. ECF No. 88, at 7. In January 2018 Lovell picked up the victim from a safe house and took her to his trailer. There, over the course of three days, Lovell beat and strangled her. ECF No. 117, at 1-2. The victim was afraid to leave. *Id*. at 75. When Lovell left the trailer to run an errand, the victim escaped by walking in below-freezing weather toward a relative's house about 18 miles away. ECF No. 84, Ex. 105 at 83. She stopped at a house along the way and an occupant, seeing the victim's condition, notified authorities. The responding law enforcement officer arranged transportation for the victim to the hospital. ECF No. 117, at 1. The victim gave the officer consent to search the trailer where the assault took place. ECF No. 84, Ex. 105 at 43. Among other items, the officers found the victim's ripped clothing, a large Maglite flashlight with human blood on it, blood spatters, and blood-stained tissues. *Id*. at 43, 57-58.

The victim was hospitalized for over five hours. *Id*. at 92. Her medical reports indicated that she had multiple bruises around her face and eyes and a cut above one eye. The bruising

showed injuries in different stages of healing, suggesting the injuries occurred over time. *Id*. at 40. In addition, the victim had cuts and bruising around her throat, and her abdomen and pelvis were tender due to blunt-force trauma. *Id*. at 45. Her elbow and left upper arm and shoulder were bruised and tender. *Id.* at 50. The hospital performed a Sexual Assault Nurse Examination (SANE) to collect evidence and assess injuries specific to sexual assault. *Id*. at 45. During the SANE protocol, the nurse asked the victim about the use of weapons or force. The victim reported strangulation, verbal threats, hitting, the use of the flashlight, and Lovell's use of his arms and hands to restrain and subdue her. *Id*. at 47.

Following Lovell's indictment, Clark was appointed to represent him at the arraignment. ECF No. 6. Clark and Lovell met numerous times as Lovell's case proceeded. ECF No. 63-5 at 5. One of the issues discussed was the risk that the government would bring sexual assault charges against him in addition to those charges for which he was already indicted. After filing a Motion to Suppress, Lovell ultimately chose to plead guilty to the two charges, Assault Resulting in Substantial Bodily Injury, 18 U.S.C. §§ 113(a)(7), 1152; and Assault by Strangling, 18 U.S.C. §§ 113(a)(8), 1152. At the plea hearing, Clark conceded that the government could prove beyond a reasonable doubt the elements of the charges to convict Lovell but stated that Lovell did not adopt the government's statement of facts. ECF No. 84, Ex. 104 at 13.

The presentence report (PSR) calculated a total offense level of 23, a criminal history category of IV, and an advisory sentencing range of 70-87 months. ECF No. 88, Ex. 107 at 1. The Probation Office recommended a low-end sentence of 70 months' imprisonment. The government concurred with the PSR's guideline calculation and recommended a high-end sentence of 84 months. ECF No. 29 at 2. Clark disagreed with both the total offense level and criminal history calculations. She argued that Lovell's total offense level should be 15 with a

criminal history category III. Specifically, she challenged the PSR's inclusion in the strangling count of the dangerous weapon and serious bodily injury enhancements found in §2A2.2(b) of the sentencing guidelines. ECF No. 27, at 9-10. She calculated a 24-30-month guideline range. In her amended sentencing memorandum, Clark wrote:

> Mr. Lovell acknowledges the great disparity between the parties as to his guideline score and what a reasonable sentence would be for this case. Through counsel, he denies or disagrees with the government on several points of law and on claims of fact as detailed in the supplemental letter and objections to the Pre-Sentence Report. That stated, Mr. Lovell is also willing to make concessions to reflect his remorse and willingness to be accountable for his actions.
>
> In light of all the information in his supplemental sentencing materials and the Pre-Sentence Report, Mr. Lovell requests that the Court impose a sentence no greater than **41 months** of incarceration, followed by three years of supervised release.

ECF No. 28, at 4.

Four witnesses appeared at the contested sentencing hearing. The government offered evidence regarding the use of the flashlight and the severity of the victim's injuries. In addition, witnesses testified about Lovell's sexual assault of the victim. Clark objected to the inclusion of evidence of sexual assault, noting that the government did not charge Lovell with sexual assault, and Lovell had never admitted or agreed he committed a sexual assault. ECF No. 84, Ex. 105 at 17. I stated that I would sentence Lovell for the admitted crimes and would consider relevant conduct, but not sexual assault. ECF No. 84, Ex 105 at 18-19.

After the witnesses testified, I announced my sentence. I agreed with Clark that Lovell's criminal history category was overstated in the PSR and reduced it to III. ECF No. 84, Ex. 105 at 103. I also ruled that both the dangerous weapon and serious bodily injury enhancements found in §2A2.2(b)(2) and (3) of the sentencing guidelines applied. *Id*. at 101, 113. When deciding that the serious bodily injury enhancement applied, I excluded consideration of sexual

abuse and relied instead on extreme physical pain and hospitalization of the victim as bases for imposing the enhancement. *Id*. at 112-13 ("Let's just leave it without the sexual abuse."). I arrived at a total offense level of 23 and a criminal history of III and imposed a mid-range guideline sentence of 64 months. *Id*. at 119. Lovell did not appeal his sentence. Later, he filed this motion claiming ineffective assistance of counsel.

## **LEGAL STANDARD**

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel." *United States v. Walter-Eze*, 869 F.3d 891, 900 (9th Cir. 2017). To establish ineffective assistance of counsel, a defendant must show: (1) his legal representation was so deficient it amounted to a denial of his Sixth Amendment right to counsel; and (2) there is a reasonable probability that the "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *accord United States v. Withers,* 618 F. 3d 1008, 1019 (9th Cir. 2010); *see also Knowles v. Mirzayance,* 556 U.S. 111, 122 (2009) (requiring that a defendant must show both deficient performance and prejudice to prove ineffective assistance of counsel). If a defendant fails to prove either prong, the ineffective assistance of counsel claim fails. *Strickland*, 466 U.S. at 700. Regarding the first prong of the *Strickland* test, "the defendant must show that the counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *accord Withers*, 618 F.3d at 1019. Regarding the second prong, a "reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Matylinsky v. Budge*, 577 F.3d 1083, 1091 (9th Cir. 2009) (quoting *Strickland*, 466 U.S. at 694). The defendant has the burden of showing that the errors "actually

had an adverse effect on the defense." *Strickland*, 466 U.S. at 693. The *Strickland* standard applies to sentencing proceedings in non-capital cases. *Lafler v. Cooper*, 566 U.S. 156 (2012).

Judicial inquiry into counsel's performance "must be highly deferential," and strategic choices as to how to defend a case are "virtually unchallengeable." *Strickland*, 466 U.S. at 689-90. In addition, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (quotation marks omitted).

To satisfy the prejudice prong, "a challenger must demonstrate 'a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland* 466 U.S. at 694). "[I]t is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Counsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*.

## **DISCUSSION**

In his amended §2255 motion, Lovell claims that Clark provide ineffective assistance of counsel when she: (1) failed to file a notice of appeal; (2) understated the advantages and overstated the disadvantages of filing an appeal; (3) failed to object at the sentencing hearing when relevant conduct regarding Count 1 was used to justify the dangerous weapon and serious bodily injury enhancements in Count 2; (4) failed to cross examine the victim to impeach her or use the victim's prior inconsistent statements, resulting in the erroneous application of the dangerous weapon and serious bodily injury enhancements to the assault by strangulation

sentence; and (5) failed to present any meaningful factual or legal argument differentiating the phrases "serious bodily injury" and "bodily injury."

I.  Notice of Appeal

Lovell asserts that Clark provided ineffective assistance of counsel when she failed to file a notice of appeal after he instructed her to do so on multiple occasions. ECF No. 39-1, at 7. He also claims that he wrote her a letter telling her he wanted to appeal. ECF No. 39-1 at 37. Clark agrees that Lovell left a message instructing her to file a notice of appeal, but that he changed his mind after their phone call. Clark denies that she received a subsequent letter from Lovell informing her that he wanted to pursue an appeal. ECF No. 63-5, at 2; 63-6, at 1.

At the evidentiary hearing on the §2255 motion, Clark, appearing pursuant to a subpoena, testified: (1) she and Lovell met in the lock up shortly after his sentencing and agreed to discuss whether Lovell should appeal at a later time; (2) Lovell called the following day and left a message telling her he wanted to appeal; (3) she wrote and mailed a letter to Lovell setting out the pros and cons of pursuing an appeal and recommending against it; (4) Lovell called again before receiving her letter and she read the letter to Lovell; (5) they discussed the letter and Clark's recommendation; (6) Lovell unambiguously decided he did not want to file an appeal; and (7) subsequently, she received a voice mail message and letter from Lovell and in neither did he mention a notice of appeal or reference an appeal in any manner. Lovell did not testify at the evidentiary hearing and did not submit a copy of the letter he said he sent to her.

I find Clark's testimony credible. While Lovell initially wanted to pursue an appeal, he elected not to do so after consultation with Clark. He voluntarily changed his mind after receiving Clark's advice.

II.     Clark's Advice Letter to Lovell

In her letter[1] to Lovell, Clark noted that Lovell received a sentence lower than the government and the PSR recommended. ECF No. 84, Ex. 110 at 1. She also noted that an appellate court could disagree with my finding that Lovell's criminal history category was overstated and raise the category from III to IV. *Id.* at 2. Furthermore, she advised that he could get more time if the Ninth Circuit disagreed with my rulings to disregard the sexual assault claims and the sexual assault relevant conduct. Lovell contends that this advice was ineffective assistance of counsel because Clark erroneously advised him that the Ninth Circuit could disagree with this court's assessment and increase both his total offense level and criminal history category.

   A. Criminal History

Lovell argues that had he appealed, the Ninth Circuit would have reviewed the criminal history determination for abuse of discretion and therefore would have been unlikely to increase it from III to IV. I find Clark's advice was well within the prevailing professional norms of the legal community. Both the PSR writer and the government arrived at the criminal history guideline calculation of IV. At the evidentiary hearing, the government stated that had Lovell appealed, the government would have cross-appealed, arguing the district court erred in reducing

---

[1] The pertinent part of the letter reads:
>   For the following reasons, I recommend that you NOT appeal your conviction:
>   1. The government can cross-appeal your sentence. If the sentence is remanded you could get **MORE TIME** if the Court of Appeals disagrees with my criminal history argument. This is an issue of law that could be decided against you by a reviewing court. You could get **MORE TIME** if the Court of Appeals found that Judge Jones made an error by rejecting the sexual assault claim or in the way he described the government's decision not to charge all the conduct brought up [at] sentencing. The law is shaky for us on this topic.

Lovell's criminal history category. Thus, Clark's advice, that Lovell faced the risk of the appellate court increasing the criminal history category from III to IV, while unlikely given the abuse of discretion standard, was a possibility. Her advice of the possibility was not outside the prevailing professional norms of the legal community. *See Padilla v. Kentucky*, 559 U.S.356, 366 (2010). Her advice of this possible consequence did not fall below an objective standard of reasonableness and was not ineffective assistance.

B. Total Offense Level

Lovell argues that he was not at risk the appellate court would increase his total offense level. He maintains that the Ninth Circuit would have agreed with my decision to exclude sexual abuse relevant conduct, and more importantly, would not have imposed the "serious bodily injury" enhancement on that basis.

If Clark's advice were grounded on the Ninth Circuit imposing an additional "serious bodily injury" enhancement, then it would have been incorrect. In pertinent part, the commentary to the sentencing guidelines defines "serious bodily injury" to include injury involving extreme physical pain and hospitalization. Based on this commentary, I imposed the "serious bodily injury" enhancement. The commentary also states: "In addition, 'serious bodily injury' is deemed to have occurred if the offense involved conduct constituting criminal sexual abuse . . . ." U.S. Sentencing Guidelines Manual § 1B1.1 cmt. n.1(L) (U.S. Sentencing Comm'n 2016). The appellate court would not have ruled that the "serious bodily injury" enhancement found in §2A2.2(b)(3) should have been imposed twice.

However, Clark did not advise Lovell that his total offense level under the sentencing guidelines could be increased. While she specifically referenced the criminal history category in her letter, her advice regarding the inclusion of sexual assault evidence was more general.

Clark's concern was that the Ninth Circuit might remand the case for resentencing and direct me to take the sexual assault into consideration. On this basis, her advice was reasonable. As the Ninth Circuit stated in *United States v. Fitch*, 659 F.3d 788, 795 (9th Cir. 2011):

> Even before *Apprendi* and *Booker,* it was clear that a sentencing judge can consider facts that a jury cannot. Thus, the judge can increase the defendant's sentence based—as here—on uncharged conduct, *see Witte v. United States,* 515 U.S. 389 (1995), and even acquitted conduct, *United States v. Watts,* 519 U.S. 148 (1997). Such increases "do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction." *Watts,* 519 U.S. at 154.

The sexual assault evidence presented at the sentencing hearing, which I disregarded, was egregious and voluminous. Had I been directed to include that evidence as relevant conduct in my sentence, Lovell would have faced a longer sentence. I find Clark's advice, which cautioned him not to appeal because the Ninth Circuit could have remanded the case and required me to consider the uncharged sexual assault conduct, did not fall below an objective standard of reasonableness and was not ineffective assistance. *Strickland*, 466 U.S. at 688.

    C. Total Offense Level--Prejudice

Because I find that Clark's representation did not fall below an objective standard of reasonableness and was not ineffective assistance, I need not address the prejudice prong of *Strickland*.


III.     Claims Arising Out of the Sentencing Hearing

Lovell's remaining claims relate to Clark's representation during the sentencing hearing. None of these has merit.

He claims that Clark provided ineffective assistance by failing to object at the sentencing hearing when relevant conduct regarding Count 1 was used to justify the dangerous weapon and

serious bodily injury enhancements in Count 2. Lovell argues that the only conduct the district court could consider as relevant to the strangulation count occurred when Lovell had his hands or arm on the victim's throat, and that when he removed those to retrieve the flashlight, the offense ended. He contends the district court engaged in impermissible double counting in computing his sentence. In *Unites States v. Reese*, 2 F.3d 870, 895 (9th Cir. 1993), the Ninth Circuit ruled "there is nothing wrong with 'double counting' when it is necessary to make the defendant's sentence reflect the full extent of the wrongfulness of his conduct." As the guidelines are advisory only, I would have imposed the same sentence even if these arguments had been made.

Lovell's claim that Clark did not cross examine the victim to impeach her or use the victim's prior inconsistent statements fails because this was a strategic decision made by Clark. She had the opportunity to see Lovell's victim testify during the sentencing hearing. There are many reasons a competent defense counsel would limit a cross-examination, especially when confronted with a sympathetic victim of a brutal beating. The question of what issues to raise and what to argue is a matter committed to the sound discretion of the defense attorney. *See Wiggins v. Smith*, 539 U.S. 510, 522-23 (2003). Judicial inquiry into counsel's performance "must be highly deferential," and strategic choices as to how to defend a case are "virtually unchallengeable." *Strickland*, 466 U.S. at 689-90.

Finally, Lovell's argument that Clark failed to present any meaningful factual or legal argument differentiating the phrases "serious bodily injury" and "bodily injury" is incorrect. At the sentencing hearing, Clark specifically argued that the medical reports showed no serious injury caused by the strangulation. ECF No. 84, Ex. 105 at 106-108.[2] Likewise, Clark's

---

[2] "[T]he probation office agreed with us that this was an injury, and a substantial injury, as we agreed, but not a serious life-threatening injury. Which means for our purposes for the PSR this is a three; serious, substantial injury, but not a five…" ECF No. 84, Ex. 105 at 108.

11   OPINION AND ORDER

sentencing memorandum rejected the +5 "serious bodily injury" enhancement and proposed a +3 "bodily injury" enhancement in its stead. ECF No. 84, Ex. 114 at 2-3.

## **CONCLUSION**

I DENY Lovell's motions to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255. ECF No. 39 and ECF No. 83.

IT IS SO ORDERED.

DATED April 7, 2020

                                                          /S/ Robert E. Jones
                                                          Robert E. Jones
                                                          United States District Judge